FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2015 APR 28  AM 8:55

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 8:15-CR- 136 T(17) AEP |
| v. | 18 U.S.C. § 641 |
| SYLVESTER BANKS, JR. | 18 U.S.C. § 981(a)(1)(C) - Forfeiture |
| | 18 U.S.C. § 2461(c) - Forfeiture |

## INFORMATION

The United States Attorney charges:

### COUNT ONE

From an unknown date but at least as early as in or about April, 2011 and continuing through on or about March 28, 2013, in the Middle District of Florida and elsewhere,

SYLVESTER BANKS, JR.,

the defendant herein, did knowingly and willfully steal, embezzle, purloin, and convert to his own use and the use of others, more than $1,000 in United States currency with the intent to deprive the owner of the use and benefit of the property so taken, said funds being the tax refund payments fraudulently issued in the name of various persons, which payments were the property of the United States Treasury and of the United States of America.

In violation of Title 18, United States Code, Sections 641 and 2.

## **FORFEITURE**

1. The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(C).

2. Upon conviction of the violation alleged in Count One of this Information, in violation of Title 18, United States Code, Section 641, the defendant,

SYLVESTER BANKS, JR.,

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the violations. The property to be forfeited includes, but is not limited to, a forfeiture money judgment of at least $ 755,900.00, representing the proceeds of the violations.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred, sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A. LEE BENTLEY, III
United States Attorney

By: _____
JAY L. HOFFER
Assistant United States Attorney

By: _____
ROBERT MOSAKOWSKI
Assistant United States Attorney
Chief, Economic Crimes Section